UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DEBRA UNDERHILL                                                                PLAINTIFF

v.                                              CIVIL ACTION NO. 3:17-CV-00454-CRS

REEVES BROTHERS TRUCKING, INC.,
KENNETH VESTAL, AND
CHEROKEE INSURANCE COMPANY                                                     DEFENDANTS

# **MEMORANDUM OPINION**

This matter is before the court on a motion by defendants, Reeves Brothers Trucking, Inc. ("Reeves Brothers") and Kenneth Vestal, to bifurcate plaintiff Debra Underhill's claims alleging violations of the Kentucky Unfair Claims Settlement Practices Act against Cherokee Insurance Company ("Cherokee") from the underlying tort claims against Reeves Brothers and Vestal. ECF No. 5. Reeves Brothers and Vestal also request that discovery of the bad faith claims asserted by Underhill against Cherokee be stayed until the underlying tort actions are resolved or tried by this court. Underhill does not oppose this motion. For the reasons stated below, the court will grant the motion to bifurcate and stay discovery.

This case arises from a motor vehicle accident involving Vestal and Underhill that occurred in Lagrange, Kentucky. Pl. Complaint, ECF No. 1-2, ¶ 2. Vestal was at the time acting within the course and scope of his employment with Reeves Brothers. *Id.* at ¶ 4; Def. Answer, ECF No. 3, ¶ 3. Underhill filed suit against Reeves Brothers, Vestal, and Cherokee in Oldham Circuit Court on June 26, 2017. Pl. Complaint, ECF No. 1-2, ¶ 1. Underhill alleges that Vestal negligently caused the motor vehicle accident that led to her injuries, that Reeves Brothers

1

negligently employed and retained Vestal, and that Cherokee failed to acknowledge and respond to her demand package in violation of the Kentucky Unfair Claims Settlement Practices Act. *Id.* at ¶¶ 5, 6, 18. Reeves Brothers, Vestal, and Cherokee then timely removed to this court. ECF No. 1.

Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues [or] claims . . ." This determination is made on a case-by-case basis. *Bath & Body Works, Inc. v. Luzier Personalized Cosmetics, Inc.*, 76 F.3d 743, 747 (6th Cir. 1996). "In determining whether separate trials are appropriate, the court should consider several facts, including the potential prejudice to the parties, the possible confusion of jurors, and the resulting convenience and economy." *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007) (quoting *Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997)).

In the present case, Reeves Brothers and Vestal may be prejudiced if Underhill's claims are tried together, as information regarding the bad faith claims that would otherwise be privileged in litigating the tort claims would be discoverable. Moreover, litigating the tort claims and bad faith claims separately best serves the interests of judicial economy and avoiding juror confusion, as the bad faith claims will necessarily fail if Underhill does not succeed in proving that Reeves Brothers and Vestal acted negligently. *See Underwood v. Ryan*, 2016 WL 3039963, *2 (W.D. Ky. May 27, 2016); *Weathers v. Healthcare Services Group, Inc.* 2014 WL 3349752, *1 (W.D. Ky. July 9, 2014).

Additionally, it is appropriate to stay discovery of the bad faith claims until the underlying tort claims are resolved. There will be no need to conduct discovery regarding the bad

faith claims if Underhill does not prevail on the underlying tort claims. *See Smith v. Allstate Ins. Co.*, 403 F.3d 401, 407 (6th Cir. 2005).

For these reasons, defendants' motion to bifurcate will be granted, and the court will stay discovery of the bad faith claims until the underlying tort claims are resolved or tried by this court. An order will be entered in accordance with this memorandum.

November 1, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**